BERMAN v. ZUCKERMAN et al.

(Supreme Court, Appellate Term. February 28, 1898.)

ACTION ON NOTE—BONA FIDE HOLDER—BURDEN OF PROOF.
　　In an action on a note given for a particular purpose, brought by a transferee, where the defendant shows that the note was wrongfully diverted from such purpose, plaintiff must show that he took the note in good faith, and without knowledge of the wrongful diversion.

Appeal from Fifth district court.

Action by Max Berman against Jacob Zuckerman and others on a promissory note. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

A. B. Schleimer, for appellants.
Joseph Wilkenfield, for respondent.

PER CURIAM. The judgment should be reversed for the reason that, when the defendants showed that the note had been wrongfully diverted from the purpose for which it had been given, the plaintiff did not sufficiently re-establish his position as a bona fide holder to entitle the justice to find that he took the note in good faith, and without knowledge of the wrongful diversion. See American Exch. Nat. Bank v. New York Belting & Packing Co., 148 N. Y. 698, 43 N. E. 168. In this connection, attention is called to the fact that there was evidence given by defendants tending to show that the plaintiff himself was present at the time that the defendants arranged with Lunitz for the terms upon which the note was to be delivered to Samuelson. The plaintiff, when subsequently put on the stand, was not asked whether he was so present at that time, nor was any evidence given by him tending to contradict the testimony that had been given by the defendants. This, we think, should have been given. We also think that the justice should have allowed the question put to plaintiff on cross-examination, "Where did you get these fifty dollars?"

Judgment appealed from reversed, and a new trial ordered, with costs to appellants to abide the event.